UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RAVEN CHESTER-LONG<br>c/o Spangenberg Shibley & Liber LLP<br>1001 Lakeside Avenue East, Suite 1700<br>Cleveland, OH 44114<br><br>        Plaintiff,<br><br>vs.<br><br>CITY OF CANTON POLICE CHIEF<br>JOHN GABBARD<br>c/o Canton Police Department<br>221 3rd Street SW<br>Canton, OH 44702<br><br>and<br><br>GARRETT MARINO, In His Individual<br>Capacity<br>c/o Canton Police Department<br>221 3rd Street SW<br>Canton, OH 44702<br><br>        Defendants. | CASE NO. 5:24-cv-1083<br><br>JUDGE<br><br><br><br><br>**PLAINTIFF'S COMPLAINT**<br><br>*[Jury Demand Endorsed Hereon]* |

Now comes Plaintiff, Raven Chester-Long, by and through undersigned counsel and for her Complaint against the above-named Defendants, states and avers as follows:

**NATURE OF THE ACTION**

1. This is a civil rights action stemming from an incident that occurred on Mahoning Road in Canton, Ohio during the nighttime hours of July 28, 2023. During the incident, Defendant Garrett Marino used excessive force against and assaulted and battered Plaintiff Raven Chester-Long. As a direct and proximate result of the actions of the Defendants, Plaintiff was deprived of her constitutionally guaranteed rights and endured physical and emotional pain and physical

injuries, past and future medical bills, and other economic and non-economic damages. Plaintiff seeks compensatory and punitive damages, as well as reasonable attorney's fees and the costs of this litigation.

2. Plaintiff Raven Chester-Long asserts claims under 42 U.S.C. § 1983 for violations of her right to be free from excessive force under the protections of the Fourth and/or Fourteenth Amendments to the United States Constitution. Plaintiff also brings a *Monell* claim against Defendant Gabbard as the constitutional violations committed against her were the result of an unconstitutional custom(s), policy(ies), and/or procedure(s). In addition, Plaintiff asserts pendant state law claims for assault and battery and intentional infliction of emotional distress.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as certain claims asserted herein arise under the Constitution and law of the United States, to wit, the Fourth and/or Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4. Pendant jurisdiction over the state law claims asserted herein is invoked pursuant to 28 U.S.C. § 1367.

5. The matter in controversy exceeds Seventy-Five-Thousand Dollars ($75,000.00), exclusive of interests and costs.

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2), (e)(1) and (e)(2).

## PARTIES

7. Plaintiff Raven Chester-Long is, and was at all times relevant, a citizen of the United States of America residing in the State of Ohio and entitled to the protections of the Constitution and laws of the United States of America and the State of Ohio.

8. Defendant Garrett Marino was, at all times relevant, a law enforcement officer and Patrol Officer employed by the City of Canton, Ohio who was acting under color of law within the course and scope and in furtherance of his employment with the City of Canton. Defendant Marino is a "person" under 42 U.S.C. § 1983. Defendant Marino is sued in his individual capacity.

9. Defendant John Gabbard was, at all times relevant, a law enforcement officer and Chief of Police employed by the City of Canton, Ohio and, through the City of Canton Police Department County Sheriff's Offices and its employees and agents, was the Chief of a duly authorized law enforcement agency, with the ability to sue and be sued, residing in Summit County in the Northern District of Ohio. At all times relevant, Defendant Gabbard was acting under color of law within the course and scope and in furtherance of his employment with the City of Canton. Defendant Gabbard is a "person" under 42 U.S.C. § 1983 who is sued in his official capacity.

**STATEMENT OF FACTS**

10. In the nighttime hours of July 28, 2023, Plaintiff Raven Chester-Long was driving her car in Canton, Ohio after leaving a friend's house.

11. At the same time and general place, Defendant Marino was a passenger in Ohio State Highway Patrol Trooper Loren Lee's patrol vehicle.

12. At or around 11:00 PM, Raven turned left onto west-bound Mahoning Road.

13. The encounter between Trooper Lee and Raven was recorded by body worn camera.

14. Trooper Lee initiated a traffic stop of Raven, who had already pulled her car over. Trooper Lee approached the driver's side of Raven car. He was followed on foot by Defendant Marino, who approached the passenger side of Raven's car.

15. Raven was respectful and did not argue with Trooper Lee.

3

16. Trooper Lee asked Raven to exit her vehicle, performed a pat-down, and placed her in the back seat of his patrol vehicle. Again, Raven complied and was respectful toward Trooper Lee.

17. Defendant Marino began searching Raven's car.

18. Trooper Lee discovered that Raven had an outstanding misdemeanor warrant relating to court ordered psychological counseling. Raven was aware of the matter and explained that her therapist was supposed to write a letter to resolve the issue.

19. Trooper Lee asked Raven to exit his patrol vehicle to undergo a horizontal gaze nystagmus test.

20. Raven complied with Trooper Lee's request and underwent a lengthy exam by Trooper Lee.

21. Trooper Lee informed Raven that he would be placing her under arrest due to the outstanding warrant.

22. Trooper Lee asked Raven to turn around, which she did.

23. Nervous over being arrested, Raven, who was 19 years old at the time, asked to call her mother.

24. Trooper Lee would not allow Raven to call her mother, which caused her to become distressed and anxious.

25. Trooper Lee and Raven then engaged in a discussion about calling her mother.

26. Raven repeatedly pleaded that she wanted to call her mother. Raven did not, however, flee from Trooper Lee or otherwise attempt to be combative with him.

27. Defendant Marino injected himself into the interaction between Raven and Trooper Lee and used force against Raven.

28. Trooper Lee grabbed Plaintiff's right arm while Defendant Marino grabbed her left arm.

29. Plaintiff, who stands at approximately five feet and six inches, was spun around and pushed onto the side of the patrol vehicle by Defendant Marino and Trooper Lee.

30. Throughout this exchange, Defendant Marino and Trooper Lee stated that Raven needed to stop resisting; however, Raven told them multiple time that she was not resisting.

31. After Defendant Marino and Trooper Lee pushed Raven up against the cruiser, Defendant Marino forcefully twisted Plaintiff's left arm behind her back and pushed down on it.

32. Defendant Marino's maneuver caused an audible cracking sound coming from Plaintiff's left arm and Plaintiff screamed out that her arm was broken.

33. The body worn camera footage clearly demonstrates that Raven's left arm is broken. As Defendant Marino is holding Raven's left arm at the elbow, it is obvious that Raven's arm is broken and moving in an unnatural way at the elbow.

34. Raven keeled over in pain, but despite her visible agony, her trembling, and her cries, Defendant Marino and Trooper Lee did not remove the handcuffs.

35. Several law enforcement officers from both the Canton Police Department and the Ohio State Highway Patrol who had arrived earlier examined Plaintiff's arm.

36. Plaintiff was forced to stand outside the patrol vehicle for approximately eight minutes with her broken arm hanging behind her back before she was allowed to sit down in the back seat.

37. A law enforcement officer finally allowed Raven to call her mother, explaining that she had been injured and was going to Aultman Hospital.

38. Raven waited approximately twenty-two minutes for a Stark Summit Ambulance to arrive.

39. Raven was transported to Aultman Hospital where her injury was confirmed as an acute comminuted and displaced fracture of the distal humeral diaphysis – a forceful, high-energy injury.

40. Raven had to wait for the swelling to subside before undergoing surgery on August 8, 2023, to repair fractured left arm.

41. Plaintiff's physicians warned her of possible future nerve damage due to the location of the fracture.

42. Raven has a large scar from the surgery.

## FIRST CLAIM FOR RELIEF

**(42 U.S.C. § 1983 Against Defendant Marino for Excessive Force in Violation of the Fourth and/or Fourteenth Amendments)**

43. Plaintiff repeats, reiterates, and realleges each and every paragraph contained in this Complaint with the same force and effect as if fully set forth herein.

44. At the aforementioned time and place, Defendant Marino, acting under color of law and within the course and scope of his employment as a law enforcement officer with Canton Police Department, used unnecessary, unreasonable, grossly disproportionate, outrageous, and excessive force, on Plaintiff in violation of her clearly established rights guaranteed by the Fourth and/or Fourteenth Amendments to the United States Constitution.

45. Defendant Marino's use unnecessary, unreasonable, outrageous, and excessive force as described herein, constitutes wanton, willful, reckless, unjustifiable, and malicious conduct warranting the imposition of exemplary punitive damages.

46. Faced with the circumstances present at the aforementioned time and place, reasonable law enforcement officers would or should have known that the uses of force described herein violated Plaintiff's clearly established Fourth and/or Fourteenth Amendment right to be free from unreasonable searches and seizures, including uses of force, and/or bodily integrity

6

47. Defendant Marino consciously, callously, and recklessly disregarded Plaintiff's federally protected rights.

48. As a direct and proximate result of Defendants Marino's uses of force in violation of Plaintiff's clearly established Fourth and/or Fourteenth Amendment rights, Plaintiff suffered physical injuries, was forced to endure and suffer physical, mental, and emotional pain and suffering, and suffered and will continue to suffer medical bills and other economic and non-economic loss.

**WHEREFORE,** Plaintiff prays for judgment against Defendant Marino for:

  a. Compensatory damages in an amount that will fully and fairly compensate Plaintiff for her injury, damage, and loss she has suffered and continues to suffer;

  b. Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

  c. Costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C.§ 1988; and

  d. All such other relief to which Plaintiff is entitled and/or the Court deems appropriate.

### SECOND CLAIM FOR RELIEF

**(42 U.S.C. § 1983 Against Defendant Gabbard for Custom, Policy, or Practice of Causing Constitutional Violations)**

49. Plaintiff repeats, reiterates, and realleges each and every paragraph contained in this Complaint with the same force and effect as if fully set forth herein.

50. At all times relevant, Defendant Gabbard, in his official capacity as the Chief of Police for the City of Canton, separately promulgated and maintained a de facto unconstitutional custom(s), policy(ies) or practice(s) of permitting, ignoring, condoning and/or encouraging officers, deputies, and other employees and agents to use contraindicated or excessive/unreasonable force on members of the public, including Plaintiff.

51. Upon information and belief, Defendant Gabbard failed and chose not to conduct any meaningful investigation into the excessive and unreasonable force used against Plaintiff by his officer, and ratified the unconstitutional force described herein above.

52. At all times relevant, Defendant Gabbard failed to train Canton law enforcement officers in the limitations and protections afforded under the Fourth Amendment and failed to train its officers in the permissible use of reasonable force as limited by the Fourth and Fourteenth Amendments. Defendant Gabbard was deliberately indifferent to the known, knowable and substantially likely and certain constitutional violations that would ensue as a direct and proximate result of their failure to train as alleged herein.

53. These customs, policies, and/or practices, among others, were the direct and proximate cause of the constitutional violations visited upon, and the injuries of Plaintiff, and Defendant Marino, acting in accordance with these customs, policies, or practices unreasonably and without any lawful justification used excessive, unreasonable, outrageous and impermissible force and/or otherwise acted in a manner that shocks the conscience and offends traditional notions of decency.

54. At all times relevant, the policies, customs, and/or procedures referenced in this Claim for Relief were facially and/or de facto violative of the clearly established and known rights of citizens, including Plaintiff, and their implementation constitutes deliberate indifference to and/or reckless and callous disregard for the constitutional rights of said citizens, including Plaintiff, secured by the Fourth and Fourteenth Amendment of the United States Constitution, including the right to due process of law, life, liberty and to be free from excessive and unreasonable uses of force which shock the conscience and offend traditional notions of decency.

55. At all times relevant, the policies, customs, and/or procedures referenced in this Claim for Relief were applied in such a manner and known by Defendant Gabbard to be applied in such

a manner, such that violations of the constitutional rights of citizens, including Plaintiff, were likely and substantially certain to, and did, occur. Furthermore, the application of these policies, practices, and/or procedures amount to violations of the constitutional rights of citizens, including Plaintiff, secured by the Fourth and Fourteenth Amendments of the United States Constitution, including the right to due process of law, life, liberty and to be free from excessive and unreasonable uses of force which shock the conscience and offend traditional notions of decency.

**WHEREFORE,** Plaintiff prays for judgment against Defendant Gabbard for:

a. Compensatory damages in an amount that will fully and fairly compensate Plaintiff for the injury, damage, and loss she has suffered and continue to suffer;

b. Costs of suit and reasonable attorneys' fees; and

c. All such other relief to which Plaintiff is entitled and/or the Court deems appropriate.

### THIRD CLAIM FOR RELIEF

**(Assault and Battery Against Defendant Marino)**

56. Plaintiff repeats, reiterates, and realleges each and every paragraph contained in this Complaint with the same force and effect as if fully set forth herein.

57. On July 28, 2023, Defendant Marino threatened bodily harm against Plaintiff which caused her to be in fear of imminent peril and bodily harm.

58. Defendant Marino had the apparent ability to carry out the threats of bodily harm and, in fact did, intentionally and without permission, touch and injure Plaintiff.

59. At all times relevant, Defendant Marino was acting within the course, scope, and in furtherance of his employment as law enforcement officer with the Canton Police Department.

60. Defendant Marino assaulted and battered Plaintiff with malicious purpose, in a reckless or wanton manner, and/or with conscious disregard for the safety and well-being of Plaintiff.

61.     The City of Canton is obligated to indemnify Defendant Marino under Ohio Revised Code Section 2744.07.

62.     As a direct and proximate result of being assaulted and battered by Defendant Marino, Plaintiff was forced to endure and suffer physical, mental, and emotional pain and suffering.

**WHEREFORE,** Plaintiff prays for judgment against Defendant Marino for:

- a. Compensatory damages in an amount that will fully and fairly compensate her for the injury, damage, and loss she has suffered and continues to suffer;
- b. Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;
- c. Costs of suit and reasonable attorneys' fees; and
- d. All such other relief to which Plaintiff is entitled and/or the Court deems appropriate.

### FOURTH CLAIM FOR RELIEF

**(Intentional Infliction of Emotional Distress Against Defendant Marino)**

63. Plaintiff repeats, reiterates, and realleges each and every paragraph contained in this Complaint with the same force and effect as if fully set forth herein.

64. Through his unreasonable, outrageous and unlawful conduct, Defendant Marino either intended to cause Plaintiff emotional distress or knew or should have known that his actions or inactions would result in serious emotional distress to Plaintiff. Further, his actions toward Plaintiff were so extreme and outrageous as to go beyond all possible bounds of decency and were intolerable.

65. Defendant Marino's actions have directly and proximately caused Plaintiff Raven Chester-Long psychic injury from which she suffers and will continue to suffer in the future.

**WHEREFORE,** Plaintiff prays for judgment against Defendant Marino for:

- a. Compensatory damages in an amount that will fully and fairly compensate Plaintiff for the injury, damage, and loss she has suffered and continues to suffer;

b. Punitive damages in an amount that will serve to adequately punish and deter the conduct alleged herein;

c. Costs of suit and reasonable attorneys' fees; and

d. All such other relief to which Plaintiff is entitled and/or the Court deems appropriate.

***TRIAL BY JURY ON ALL CLAIMS FOR RELIEF HEREBY DEMANDED.***

DATED this 26th day of June 2024.

*/s/ Nicholas A. DiCello*
NICHOLAS A. DICELLO (0075745)
KEVIN C. HULICK (0093921)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (FAX)
*ndicello@spanglaw.com*
*khulick@spanglaw.com*

**Counsel for Plaintiff Raven Chester-Long**